Nott, Ch. J.,
delivered the opinion of the court:
The facts in this case which have any legal significance are few and brief. The patentees offered their invention to the Light-House Board; the Light-House Board declined to purchase it for the reasons that it was still in a theoretical state; that it had not yet been subjected to any practical test; that they regarded it as too uncertain to warrant their undertaking the risk and cost of practical application.
Nothing further passed between the parties. In the course of time the Light-House Board found, manufactured, and used a device different from that of the claimants. The thing to be attained was the keeping of an electric light afloat in all kinds of weather. The submarine electric cable was not new; the buoy was not new; the electric light was not new. All that the claimants could bring to the Light-House Board was a specific method for obtaining the desired object — a safe, practical, and permanent floating electric light.
*426 The claimants’ method for attaining this object consisted of a designated kind of electric light, two chains and two anchors, to keep the buoy in position, and of a tube through which the cable passed upward through the buoy to the electric light. A device which the Light-House Board adopted employed a different kind of electric light and discarded the two chains and anchors and the tube, though it employed a spar which may be regarded as a mechanical equivalent of the tube.
Here, then, were two things different in form and different in practical operation. It seems plain to the court that if the Government trespassed upon the claimants’ rights it was a case of involuntary infringement by the officers of the Government, which, under the decisions of this court and the Supreme Court, canmot be turned into a case of implied contract.
Upon the question argued relating to the validity of the patent the court expresses no opinion.
It should also be said that the evidence of damages is, in the opinion of the court, inadmissible. The claimants have shown what the value of the electric-light system in this channel is worth to commerce — to the commerce of the world. It may be doubted whether that would be admissible if the suit were for an infringement. But this court, in the leading Case of McKeever (14 C. Cls. R., 396; affirmed by the Supreme Court, see 18 id.,757), laid down a sufficient rule for such cases. The question to be determined is, What was the invention worth in -the market? What would the parties have taken and paid if the matter had come to an express agreement? What would any person needing the invention have been willing to pay for it?
Where a man tortiously infringes, all that he makes or saves by his wrongful act belongs to the patentee. Where he sells a right to manufacture or use his patented invention and sues in contract, his damages are what the defendant expressly agreed to pay or what the license, ■ express or implied, is reasonably worth. (Pasquean’s case, 26 C. Cls. R., 509; Hartman's case, 35 ib., 106, and cases there cited.)
The judgment of the court is that the petition be dismissed.